IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY S. BARNES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-134 |
| ) | Judge Kim R. Gibson |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| PAMELA WERTZ, PRIME CARE ) | |
| MEDICAL, INC., MARC T. MASUCCI, ) | |
| MICHAEL T. JOHNSON, OFFICER URISH, ) | |
| BLAIR COUNTY, BLAIR COUNTY ) | Re: ECF No. 67 |
| PRISON BOARD, JOHN DOES 1-3, and ) | |
| JANE DOE, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Michael T. Johnson ("Johnson"), Officer Urish ("Urish"), Blair County and Blair County Prison Board (collectively, "Moving Defendants"). ECF No. 67. Moving Defendants seek the dismissal with prejudice of all counts against them. For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be granted in part and denied in part.

## II. REPORT

### A. PROCEDURAL HISTORY

Acting *pro* se, Plaintiff filed the operative Amended Complaint on January 4, 2016, alleging mistreatment during his incarceration at Blair County Prison ("BCP"). ECF No. 38. Defendant Johnson is the warden for BCP. Id. ¶ 7. Defendant Urish is an officer at BCP. Id. ¶ 9. Defendant Blair County is the municipal policy maker responsible for funding BCP. Id.

¶ 10. Defendant Blair County Prison Board is the facility overseer and manager of BCP.  Id. ¶ 11.

The causes of action against the Moving Defendants are as follows: (1) Count II, a claim of deliberate indifference against Defendant Urish; (2) Count III, a claim of deliberate indifference against Defendants Blair County and Blair County Prison Board; (3) Count IV, a claim of retaliation against Defendants Johnson and Urish; (4) Count VI, a claim relating to policy and custom against Defendants Blair County and Blair County Prison Board; (5) Count VII, a Pennsylvania state claim of intentional infliction of emotional distress against Defendants Johnson and Urish; and (6) a claim for punitive damages against Defendants Johnson and Urish. ECF No. 38.

On May 9, 2016, Moving Defendants filed the instant Motion to Dismiss and Brief in Support thereof.  ECF Nos. 67-68.  On June 3, 2016, Plaintiff filed a Brief in Opposition. ECF No. 74.  The Motion to Dismiss is now ripe for consideration.

**B. STANDARD OF REVIEW**

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party.  Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)).  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put

forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

### C. DISCUSSION

#### 1. Legal Principles

##### a. Civil Rights

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and

3

acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

It is also well settled that a municipality may not be held liable under Section 1983 based on a theory of *respondeat superior* or merely because its employees may have acted unconstitutionally. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, a municipality may only be found liable for their own illegal acts or where the plaintiff is able to identify a municipal "policy" or "custom" that caused the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997).

Finally, when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### b. Deliberate Indifference

A refusal to provide medical care to a prisoner violates the Eighth Amendment's prohibition of "cruel and unusual punishment." U.S. CONST. amend. VIII. "Regardless of how evidenced," whether "manifested by prison doctors in their response to the prisoner's need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). "The Estelle standard requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious." Spruill v. Gillis, 372 F.3d 218, 235-236 (3d Cir. 2004). The Estelle standard is met when: (1) a doctor is "intentionally inflicting

4

pain on [a] prisoner," (2) "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury," or (3) "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care."  Id. at 235.  Further, if a prisoner is receiving medical treatment, a non-medical prison official must have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating)" the prisoner in order to be liable for deliberate indifference.  Id. at 236.

### c. Retaliation

To state a prima facie claim of retaliation under the First Amendment, Plaintiff must allege that (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action.  Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001).

### d. Intentional Infliction of Emotional Distress

To state a prima facie claim of intentional infliction of emotional distress in Pennsylvania, a plaintiff must allege that the defendant "by extreme and outrageous conduct intentionally or recklessly cause[d] severe emotional distress."  Gray v. Huntzinger, No. 1882 EDA 2015, 2016 Pa. Super. LEXIS 488, at *5 (Pa. Super. Ct. filed Aug. 30, 2016).

## 2. Plaintiff's Claims Against Moving Defendants

### a. Count II: Deliberate Indifference (Urish)

At Count II, Plaintiff alleges a claim against, *inter alia*, Defendant Urish for deliberate indifference to Plaintiff's serious medical needs.  ECF No. 38 ¶¶ 95-96.  Specifically, Plaintiff

5

alleges that Defendant Urish's "actions and inactions to intentionally deny, interfere and fail[] to remedy grievance redress and sick call procedures once notified" resulted in unreasonable delays in Plaintiff's access to treatment.  Id. ¶ 96.

However, even accepting Plaintiff's allegations as true, Plaintiff has failed to advance sufficient facts to state a plausible claim that Defendant Urish had the requisite knowledge and intent for a claim of deliberate indifference.  The sole specific allegation of Defendant Urish's personal knowledge of Plaintiff's medical condition concerns an incident in March 2014, where "Plaintiff's health condition and state of degeneration was so bad that it became obvious to surrounding inmates . . ..  These inmates began to argue with C.O. URISH stating that Plaintiff needs immediate medical treatment because [of] how swollen his face and neck were and Plaintiff's voice was stifled because of these effects."  Id. ¶ 40.  Plaintiff does not allege, however, what Defendant Urish did or did not do in response to the alleged situation.  The allegation in the Amended Complaint immediately following this allegation concerns Plaintiff being escorted to a medical examination by another prison employee.  Id. ¶ 41.  Therefore, it appears that Plaintiff received medical treatment for the complained-of symptoms.  Plaintiff has thus failed to advance a plausible claim for deliberate indifference on the part of Defendant Urish.  However, this deficiency may be cured by amendment alleging the requisite facts.  Accordingly, it is recommended that Count II be dismissed against Defendant Urish without prejudice to file a Second Amended Complaint as to this claim.

        b.       **Count III: Deliberate Indifference (Blair County and Blair County Prison Board)**

At Count III, Plaintiff alleges a claim against, *inter alia*, Defendants Blair County and Blair County Prison Board for deliberate indifference to Plaintiff's serious medical needs.  Id.

¶¶ 97-98. Specifically, Plaintiff alleges that these Defendants ignored "Plaintiff's serious medical need for cost purposes and non-medical reasons, intentionally ignored Plaintiff's medical records which state[] he was to undergo nine (9) months of uninterrupted prescribed medical treatment." Id. ¶ 98.

Plaintiff makes no allegations in the Amended Complaint that he was denied his nine months of uninterrupted prescribed medical treatment for cost purposes or non-medical reasons. Rather, Plaintiff alleges that "Defendant Pamela [Wertz] stated to Plaintiff that the treatment would be a waste of time so Plaintiff did not need the treatment anymore." Id. ¶ 52. In response to his protest, Defendant Wertz responded, "'You'll be okay, it[']s latent.'" Id. ¶ 55. According to Plaintiff's allegations, his treatment was stopped due to the medical opinion of Defendant Wertz, an employee of Defendant Prime Care Medical Inc. Plaintiff has thus advanced no plausible basis for a finding of liability of Defendants Blair County or Blair County Prison Board for the alleged wrong. However, this deficiency may be cured by amendment alleging the requisite facts. Accordingly, it is recommended that Count III be dismissed against Defendants Blair County and Blair County Prison Board without prejudice to file a Second Amended Complaint as to this claim.

### c. Count IV: Retaliation (Johnson and Urish)

At Count IV, Plaintiff alleges a claim for retaliation against, *inter alia*, Defendants Johnson and Urish. Id. ¶¶ 99-101. Specifically, Plaintiff alleges that Defendants Johnson and Urish "intentionally exercised retaliation against Plaintiff for filing grievances, complaints about food and medical to outside media outlets and sources complaining about how defendants were treating Plaintiff and other inmates similarly situated." Id. ¶¶ 100-101.

**(1)     Defendant Johnson**

Plaintiff makes no allegations of any adverse actions taken by Defendant Johnson. Plaintiff's allegations in the Amended Complaint concerning action taken by Defendant Johnson indicate that Johnson approved Plaintiff's requests for extra portions of food and ordered prison officials to give the same to Plaintiff. Id. ¶¶ 68-69, 77. Plaintiff makes one additional reference to Defendant Johnson, alleging that Plaintiff showed Johnson some grievances that had been returned to Plaintiff with no response, but Plaintiff does not allege that Johnson took any subsequent action or failed to take requested action. Id. ¶ 90. Thus, Plaintiff has failed to advance a plausible claim for retaliation against Defendant Johnson. However, this deficiency may be cured by amendment alleging the requisite facts. Accordingly, it is recommended that Count IV be dismissed against Defendant Johnson without prejudice to file a Second Amended Complaint as to this claim.

**(2)     Defendant Urish**

As to Defendant Urish, Plaintiff alleges that, Defendant Urish told Plaintiff, in response to grievances filed, "that grievance shit don't work here!" Id. ¶ 37. Further, in retaliation for Plaintiff and other inmates asking for grievances and non-spoiled food, Defendant Urish gave Plaintiff a false misconduct which resulted in a 90-day confinement in the Restricted Housing Unit. Id. ¶ 58. Plaintiff finally alleges that Defendant Urish failed to comply with Defendant Johnson's order to give Plaintiff extra portions of food, instead getting angry with Plaintiff and screaming in Plaintiff's face that he wanted to physically assault Plaintiff. Id. ¶ 69.

Defendant Urish argues this claim should be dismissed because: (1) Plaintiff has no constitutionally protected right to the prison grievance system; and (2) Urish is entitled to

deference in his decision making with regard to Plaintiff's complaints. ECF No. 68 at 9-10. This argument misapprehends the law and the posture of this case. The filing of grievances is protected activity for purposes of a retaliation claim. Verbanik v. Harlow, Civ. A. No. 09-448, 2012 U.S. Dist. LEXIS 137275, at *7-8 (W.D. Pa. Sept. 25, 2012). Further, the standard of review for a motion to dismiss is deferential only to the non-moving party, *i.e.*, Plaintiff. Phillips, 515 F.3d at 228. In that light, Plaintiff's allegations, set forth above, are sufficient to raise a plausible claim of retaliation. Accordingly, it is recommended that the Motion to Dismiss Count IV as to Defendant Urish be denied.

### d. Count VI: Policy and Custom (Blair County and Blair County Prison Board)

At Count VI, Plaintiff alleges a claim against, *inter alia*, Defendants Blair County, Blair County Prison Board, Johnson and Urish, entitled "Policy and Custom." ECF No. 38 ¶¶ 104-105. Therein, Plaintiff alleges that these Defendants "exhibited a pattern of failures i.e., course of conduct, by either express policy or the inactions of its policy makers, had a policy and/or custom/practice of depriving detainees medical treatment, calculated retaliation, failure to remedy grievance redress and sick call procedures and due process violations." Id. ¶ 105.

Moving Defendants assert that this claim is "entirely conclusory and insufficient." ECF No. 68 at 5. The Court agrees.[1] However, it is not clear that amendment of this claim would be futile. Accordingly, it is recommended that Count VI be dismissed against Moving Defendants without prejudice to Plaintiff to file a Second Amended Complaint as to this claim, including more precise facts.

---

1 In reviewing a Motion to Dismiss filed by now-dismissed Defendant Masucci, this Court found this claim to be "too vague and conclusory to allow a reasonable inference of a deficient policy or custom under the circumstances of this case or that Defendant Masucci is the policymaker". ECF No. 78 at 10 (adopted at ECF No. 82). These findings persist in relation to the instant Defendants.

### e. Count VII: Intentional Infliction of Emotional Distress (Johnson and Urish)

In Count VII, Plaintiff brings a Pennsylvania state law claim of intentional infliction of emotional distress against, *inter alia*, Defendants Johnson and Urish. ECF No. 38 ¶¶ 106-107. Therein, Plaintiff complains of the "failure of defendants MASUCCI and JOHNSON to take proper disciplinary or other action(s) to curb the known pattern of mistreatment by … OFFICER URISH." Id. ¶ 107. Plaintiff further alleges that he "took all appropriate and available steps to have these issue brought to the attention of Corrections Supervisors so defendants should have known of the constitutional deprivations suffered by the hands of defendants for several months until Plaintiff was eventually transferred to SCI-Camp Hill." Id.

#### (1) Defendant Urish

As to Defendant Urish, Plaintiff's description of his claim makes clear that it is directed at the actions/inactions of supervisors, specifically, Masucci and Johnson, and not at the actions/inactions of Defendant Urish and the other named supervisees who allegedly caused Plaintiff constitutional deprivations. Id. ¶ 107. Thus, Plaintiff has failed to advance a plausible claim for intentional infliction of emotional distress against Defendant Urish. However, it is not clear that amendment of this claim would be futile. Accordingly, it is recommended that Count VII be dismissed against Defendant Urish without prejudice to file a Second Amended Complaint as to this claim.

#### (2) Defendant Johnson

Plaintiff makes no allegations of conduct of Defendant Johnson which could be characterized as extreme or outrageous. In fact, the only intentional conduct alleged with respect to Johnson is his actions in approving Plaintiff's request for extra portions of food and

ordering that Plaintiff receive such extra portions. Id. ¶ 68-69. Thus, Plaintiff has failed to advance a plausible claim for intentional infliction of emotional distress against Defendant Johnson. However, this deficiency may be cured by amendment alleging the requisite facts. Accordingly, it is recommended that Count VII be dismissed against Defendant Johnson without prejudice to file a Second Amended Complaint as to this claim.

### f. Punitive Damages (Johnson and Urish)

Plaintiff indicates that he seeks punitive damages against, *inter alia*, Defendants Johnson and Urish. Id. ¶ 112. Defendants Johnson and Urish argue that they cannot be held liable under Section 1983 in their official capacities. ECF No. 46 at 10.

#### (1) Defendant Urish

Defendant Urish is correct, punitive damages are not available against him in his official capacity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). However, punitive damages may be available in his individual capacity. Accordingly, it is recommended that any claim for punitive damages against Defendant Urish in his official capacity be dismissed.

#### (2) Defendant Johnson

At this juncture, no claims against Defendant Johnson survive, so his liability is not an issue, and, as such, the issue of punitive damages need not be considered.

Accordingly, the Motion to Dismiss the punitive damages claim as to conduct of Defendants Johnson and Urish in their official capacities is granted. However, the Motion to Dismiss is denied as to Defendant Urish in his individual capacity

.        **D.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendants Michael T. Johnson, Officer Urish, Blair County and Blair County Prison Board, ECF No. 45, be denied with respect to as Count IV (Retaliation) against Officer Urish, granted with respect to punitive damages against Michael T. Johnson and Officer Urish in their official capacities and granted without prejudice with respect to: (1) Count II (Deliberate Indifference) against Officer Urish; (2) Count III (Deliberate Indifference) against Blair County and Blair County Prison Board; (3) Count IV (Retaliation) against Michael T. Johnson; (4) Count VI (Policy and Custom) against Blair County, Blair County Prison Board, Michael T. Johnson and Officer Urish.; (5) Count VII (Intentional Infliction of Emotional Distress)   It is further recommended that Plaintiff be permitted to file a Second Amended Complaint on the identified counts to specifically address the deficiencies identified herein.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.   Failure to timely file objections will waive the right to appeal.   Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:   November 1, 2016

cc: The Honorable Kim R. Gibson
United States District Judge

Tony S. Barnes
2600 Southhampton Road
Philadelphia, PA 19116

All counsel of record via CM-ECF